# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ROBERT JENSEN SCHWANDER,

        Defendant-Appellee.

UNPUBLISHED
May 22, 2018

No.   320768
Grand Traverse Circuit Court
LC No.   2011-011239-FC

## ON REMAND

Before:  GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

K. F. KELLY J. (*dissenting*)

I respectfully dissent.  Under the newly-stated framework for evaluating sentences, I would affirm defendant's sentence.

In *People v Schwander*, unpublished per curiam opinion of the Court of Appeals, issued July 21, 2015 (Docket No. 320768 ("*Schwander II*"), our Court quoted at length Judge Rodgers' justifications for sentencing defendant as he did:

> Judge Rodgers commenced defendant's resentencing by outlining the "substantial, compelling and objective reasons" for a departure sentence.  Echoing Judge Power, Judge Rodgers found "the depravity and the stabbing death of this young woman, which took her 30 to 60 minutes to die," a reason for departure.  "First aid was not provided," Judge Rodgers continued, which "probably would have saved her life."  Additionally, defendant "gross[ly]" abused the trust of the victim's family, and showed no remorse.  "Fourth," Judge Rodgers continued, "there was a 12 day search for the victim.  And, the publicity generated reasonable community fear for the safety of other children not knowing how or why Ms. Lewis had disappeared."  Next, "after the death the body was treated with what can only be described as complete and utter disrespect."  Lastly, Judge Rodgers observed, the Department of Corrections recommended an upward departure.

> Judge Rodgers then turned to the "principles of proportionality" which supported the extent of the departure sentence he intended to impose.  Addressing defendant, he began "by . . . determining who you are:"

-1-

And, I look at your prior record variable score and I see that that's zero, that can mean a variety of things. That could mean you were one free of prior criminal behavior, an innocent man caught in circumstances that were overwhelming, who out of anger and spite murdered another human being, that however is not you.

I looked carefully at this record. What this record reflects, among other things, is prior multiple acts of criminal sexual conduct in the third degree, which were scored in the offense variables as a continuing pattern of criminal behavior. They weren't scored in the prior record variables because there were no convictions, but they are recorded in the diary and in the testimony of your girlfriend, Ms. Tezak. Page 1 of your original pre-sentence report reflects that you made a threat to a corrections officer and his family while confined in the county jail awaiting trial. And, your pre-sentence report also indicates due to escalating negative behavior in the school your own high school principal was afraid of you. So you were, then, at the time this occurred a person who committed a series of high severity felonies and whom others legitimately feared. *I emphasize this only because the principles of proportionality that derive from [People v] Milbourn[, 435 Mich 630; 461 NW2d 1 (1990)] recognize that more serious sentences should be for people who not only commit the most serious crimes, but for whom the community should have a reasonable fear.*

Not as important were the concurrent offenses of larceny in a building from the Lewis home, trespass, vandalism and the theft of electricity from a structure you did not own. And, the prior provision on at least one occasion of providing marijuana to a minor.

Judge Rodgers moved on to the manner of Lewis's death. Again speaking to defendant, Judge Rodgers queried:

So which is more depraved, stabbing a victim multiple times and watching her slowly bleed to death or choking her to the point where she became unconscious and could no longer fight or resist, continuing to do so for two additional minutes then dropping the body, going for a walk and returning finally to allegedly doing some chest compressions. That's the trial record. In either case the level of depravity is stunning.

Next, Judge Rodgers determined that because defendant had actually committed first-degree murder, a sentence substantially above the guidelines was proportionate to the crime:

You were initially charged with murder in the first degree, the premeditated and deliberate killing of another. What does that actually mean? People like me, juries, have been directed to the Michigan Supreme Court opinion in *People versus Vail*, it's an old opinion, a 1975 opinion . . . , 393 Michigan 460. And, I would direct you to pages 468 and 469. Premeditated is to think about beforehand. To deliberate is simply to measure and evaluate facts. But, the important part of the *Vail* decision reads as follows, while the minimum time necessary to exercise this thought process is incapable of exact determination the interval between thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a second look.

Judge Rodgers then described the process of strangulation that defendant claimed had occurred. That process, Judge Rodgers indicated, would have taken more than two minutes—"a long enough interval to give a reasonable man time to subject the nature of his response to a second look." Judge Rodgers continued:

What you actually did was stab her to death and sit there a half an hour and watch her bleeding, the lung punctured, the blood and foam coming out of her mouth. Clearly, there was adequate time to give a reasonable man the interval to reflect upon his actions.

So in my view by a preponderance of the evidence, which is the standard we use for purposes of sentencing, this was first degree murder and a departure because of the far more serious crime of 600 to 900 months, or 50 to 75 years, is not only legally justifiable it's consistent with who you are, what you did and your projected life expectancy. I will be candid with you, I hesitate to impose that sentence, or even 493 to 840 month sentence which the guideline analogy would mathematically support, because I believe it would be honestly found by the Court of Appeals to be retributive.

So, I am simply going to reinstate your original sentence, 480 to 840 months, or 40 to 70 years, and trust the magnitude of the departure has now been fully explained . . . . [*Schwander II*, unpub op at 2-5 (emphasis added).]

As this Court recently explained in *People v Dixon-Bey*, 321 Mich App 490; ___ NW2d ___, lv pending, slip op at 16:

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion."

-3-

*People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017) [*Steanhouse II*]. In *Steanhouse*, the Michigan Supreme Court clarified that "the relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality...." *Id*. The principle of proportionality is one in which

> "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." [*Id*. at 472], quoting *Milbourn*, 435 Mich [at 651].

Under this principle, " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse II*, 500 Mich at 472, quoting *Milbourn*, 435 Mich at 661. [*Dixon-Bey*, 321 Mich App at 490 slip op at 16.]

The sentencing guidelines are an "aid to accomplish the purposes of proportionality . . . ." *Id*. at ___; slip op at 18. Our Court elaborated:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, 321 Mich App at 490; slip op at 18-19.]

Other factors to consider "include 'the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*.' " *Dixon-Bey*, 321 Mich App 490; slip op at 19 n 9. However, this Court has stressed that the proportionality review is "based upon the seriousness of the offense and not a deviation from the guidelines." *Dixon-Bey*, 321 Mich App 490; slip op at 22. And our Supreme Court has noted:

> Rather than impermissibly measuring proportionality by reference to deviations from the guidelines, our principle of proportionality requires "sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. [*Steanhouse II*, 500 Mich at 474.]

Both *Schwander I* and *Schwander II* reviewed the departure sentence under the legislatively created "substantial and compelling" framework which has since been struck down as unconstitutional. *Lockridge*, 498 Mich at 391-392. The former "substantial and compelling" framework has been replaced by *Milbourn*'s principle of proportionality, *Steanhouse II*, 500 Mich at 459-460.

I would conclude that the trial court's sentence was reasonable, as the trial court did not abuse its discretion in determining that the sentence was proportionate to the crimes. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). The record is quite clear that the trial court considered the nature of the offense and the background of the offender. The trial court also discussed why some of the guidelines did not adequately address the circumstances of this case and this particular offender. The trial court took the sentencing guidelines into consideration but concluded in great detail that a longer sentence was more appropriate. Such a conclusion was not an abuse of discretion. Again, although trial courts must consider the guidelines when fashioning a sentence, " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range[.]' " *Steanhouse II*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. As a result, the focus of our review is whether the trial court's sentence was proportionate to the seriousness of the crime, which is determined in part by the factors outlined in *Milbourn*. I believe that the trial court did just that and that the resulting sentence was reasonable. I would affirm.

/s/ Kirsten Frank Kelly